HIRAM TEMPLE *vs.* WILLIAM SEAVER & another.

One partner of a firm, even after dissolution, may indorse the note of the firm payable to himself, given before dissolution.

THIS action was upon the following promissory note : "Ashland, July 1st, 1848. Value received, we promise to pay William Seaver, or order, two hundred and ninety-nine dollars and fourteen cents, on demand, with interest. Seaver and Forbush." The note was indorsed to the plaintiff by the payee, one of the firm of Seaver and Forbush, after the said firm had been dissolved. The suit was defended by Forbush, the other maker, Seaver, having been defaulted. Upon these facts, *Hoar*, J. ruled in the court of common pleas that the action could not be maintained, and the verdict was for the defendants. The plaintiff excepted to the ruling.

*A. H. Nelson*, for the plaintiff.

*C. R. Train*, for the defendant Forbush.

THOMAS, J. The law is well settled that if a note is made by a firm to one of its members, or his order, and indorsed by such member, the indorsee may maintain an action upon it. It is the promise of the firm to pay to one of its members, or to such person as he shall appoint. By the indorsement of the note, the appointment is made. Before the indorsement, the promisee cannot maintain an action at law upon the note because of the technical rule that a man cannot sue himself—cannot be plaintiff and defendant in the same suit at law—and not because the firm has any defence in law or equity to the contract. This technical rule does not prevent a firm from making a promise to pay money to such person as one of its members shall order or direct. *Pitcher* v. *Barrows*, 17 Pick. 361 ; *Little* v. *Rogers*, 1 Met. 108 ; *Thayer* v. *Buffum*, 11 Met. 398 ; *Fulton* v. *Williams*, ante, 108 ; *Smith* v. *Lusher*, 5 Cowen, 688. The precise ground of defence relied upon is, that the note was not indorsed by Seaver till after the dissolution of the partnership ; and the note did not assume the character of a contract

till the indorsement, and that after the dissolution, Seaver had no authority to bind the firm. But the agreement or contract of the firm, to pay to the appointee of Seaver, was made before the dissolution, and the authority to appoint is not in the firm, but in Seaver, in his individual capacity, and not in his capacity as partner. The contract of the firm is made when the note is signed. The mistake is, in supposing that this note is of the same effect as if made by one payable to his own order. The distinction is clear. Where one makes a note payable to his own order, there is no contract or agreement whatever till it is indorsed and delivered to another. But a promise of a firm, for good consideration, to pay to the order or appointment of one of its members, is complete, so far as the firm is concerned, and irrevocable; the obligation of the firm to pay does not result from the indorsement, but from the promise. The indorsement does not create the obligation, though it gives the remedy. Seaver, after the dissolution of the firm, did not, therefore, bind the partnership by his indorsement. It was bound before. He only executed a power vested in him for good consideration while the partnership existed. *Exceptions sustained.*